IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-____

HESKA CORPORATION,
a Delaware corporation,

      Plaintiff,

v.

BABYLON ANIMAL HOSPITAL, P.C.,
a New York professional corporation, and
FRANK LIGOURI, an individual,

      Defendants.

## COMPLAINT

Plaintiff Heska Corporation, through its undersigned counsel, Goodspeed & Merrill, hereby states it Complaint against Defendants Babylon Animal Hospital, P.C. and Frank Ligouri as follows:

### PARTIES, JURISDICTION, AND VENUE

1.    Plaintiff Heska Corporation ("Heska") is a Delaware corporation with its principal place of business located at 3760 Rocky Mountain Avenue, Loveland, Colorado 80538. Heska is in good standing and registered to do business in the State of Colorado.

2.    Defendant Babylon Animal Hospital, P.C. ("Babylon") is a New York professional corporation with its principal offices located in Lindenhurst, New York.

3.    Defendant Frank Ligouri ("Ligouri") is an individual who resides in Suffolk County, New York.

4.    Venue is proper pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000 and the plaintiff and defendants are completely diverse.

5.      This Court has personal jurisdiction over Defendants pursuant to Fed. R Civ. P. 4(k)(1) and pursuant to Section 19 of the Agreement (as defined below).

## GENERAL ALLEGATIONS

6.      This action concerns Defendants' breach of their contractual obligations to Heska.

7.      On or about September 29, 2016, Heska and Defendants entered into that particular Element DC®, Element POC®, Element HT5®, and the Element i® Supplies Use Agreement with Free Term (the "Agreement").

8.      Per the terms of the Agreement, Babylon accepted and agreed to use the Element DC® Veterinary Chemistry Analyzer, the Element POC® Rapid Blood Analyzer, the Element HT5® Veterinary Hematology Analyzer, and the Element i® Immunodiagnostic Analyzer (collectively, the "Equipment") for at least 80% of Babylon monthly in-clinic testing for the Intended Use during the Term.

9.      The Agreement's Term consists of a Free Term, which consisted of 12 months and commenced on September 29, 2016, and then an Initial Term of an additional 72 months, followed by successive and automatic Renewal Terms of two years, which may be terminated only by Babylon providing 60 days advanced written notice of non-renewal before the Renewal Period.

10.     Babylon further agreed to exclusively purchase and use Heska's supplies in connection with the use of the Equipment ("Program Supplies"). In exchange, Heska provided Babylon substantial price discounts on the Program Supplies and other consideration.

11.     Pursuant to the Agreement, Liguori executed an unconditional personal guaranty of Babylon's obligations under the Agreement (the "Personal Guaranty").

12. Babylon has materially breached the terms of the Agreement by, without limitation, failing to use the Equipment and to make the required payments.

13. Heska has given Defendants written notice of their default under the Agreement. Despite demand, Defendants have failed to cure Babylon's default under the Agreement.

14. Liguori has failed to honor his obligations under the Personal Guaranty.

15. As of July 22, 2020, Babylon owes Heska at least $128,540.180, plus interest at the rate of 18% per annum on the unpaid amounts from the date of default until paid. These amounts include the entire balance of the unpaid Use Payments, a $5,000 time and costs charge to have Heska repossess the Equipment, and the difference between the amount Babylon would have paid for Program Supplies at the List Price less the amount Babylon actually paid for Program Supplies.

16. According to the Agreement, Babylon is responsible for all expenses incurred by Heska in connection with the enforcement of any remedies, including without limitation, all expenses of repossessing, storing, shipping, repairing, reselling or re-renting the Equipment and Heska's attorneys' fees and costs.

17. Liguori further agreed to pay Heska's attorneys' fees and costs in connection with Heska's enforcement of the Personal Guaranty.

18. All conditions precedent to the initiation of this lawsuit have been satisfied or are excused.

**FIRST CLAIM FOR RELIEF**
**(Breach of Contract Against Babylon)**

19. Heska incorporates the foregoing paragraphs of its Complaint as if fully reinstated herein.

20. As evidenced by the Agreement, there existed a valid contract between Heska

and Babylon.

21. Babylon materially breached the Agreement by failing to use the Equipment and to make the required payments thereunder.

22. As a result of Babylon's breach, Heska has been damaged in an amount to be proven at trial.

23. Per the terms of the Agreement, Heska is further entitled to recover its attorneys' fees and costs.

**SECOND CLAIM FOR RELIEF**
(Breach of Personal Guaranty Against Ligouri)

24. Heska incorporates the foregoing paragraphs of its Complaint as if fully reinstated herein.

25. Ligouri executed and entered into a binding and enforceable Personal Guaranty in favor of Heska guaranteeing Babylon's obligations under the Agreement.

26. As detailed above, Babylon has breached its obligations under the Agreement.

27. Ligouri has breached the Personal Guaranty by failing to cure Babylon's breach under the Agreement.

28. Due to Ligouri's breach of the Personal Guaranty, Heska has been damaged in an amount to be determined at trial.

29. Per the terms of the Personal Guaranty, Heska is entitled to recover its attorneys' fees and costs in enforcing the Personal Guaranty.

WHEREFORE, Plaintiff Heska Corporation respectfully requests that the Court enter judgment in its favor and against Defendants Babylon Animal Hospital, P.C. and Frank Ligouri, jointly and severally, in an amount to be determined at trial, plus pre- and post-judgment interest, attorneys' fees and costs per the Agreement and Personal Guaranty, and for

such other and further relief as the Court deems just and proper.

Respectfully submitted this 28th day of August, 2020.

*s/ Miro Kovacevic*
Miro Kovacevic, Esq.
Goodspeed & Merrill, LLC
7800 E. Union Ave., Ste. 600
Denver, Colorado 80237
Telephone: 720-473-7644
mk@goodspeedmerrill.com

*Attorney for Plaintiff Heska Corporation*

5